IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DEBORAH J. MALCOM,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | **5:06-CV-077 (DF)** |
| | : | |
| **MICHAEL W. WYNNE, SECRETARY,** | : | |
| **DEPARTMENT OF THE AIR FORCE,** | : | |
| | : | |
| **Defendant.** | : | |

**O R D E R**

On March 10, 2006, Plaintiff Deborah J. Malcom ("Plaintiff") filed the above-captioned action pursuant to Title VII of the Civil Rights Act of 1964. Before this Court are Plaintiff's request to proceed in forma pauperis (doc. 2), and Motion for Appointment of Counsel (doc. 3). As it appears Plaintiff is unable to pay the cost of commencing this action, her request to proceed in forma pauperis is hereby **GRANTED**. The Court now turns to Plaintiff's request for appointment of counsel.

The appointment of counsel in a civil case is a privilege and not a constitutional right. *Mekdeci v. Merrell Nat'l Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983); *see also* **Poole v. Lambert**, 819 F.2d 1025 (11th Cir. 1987). This privilege is "justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained

dockets.Justia.com

practitioner." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (citing *Poole*, 819 F.2d at 1028). With regard to a request for court appointed counsel in a civil case, "the district court has broad discretion in making this decision." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *see also* 28 U.S.C.A. §1915(e)(1) (West 2006). A key consideration for the district court is "whether the pro se litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). "Where the facts and issues are simple, [the pro se litigant] usually will not need such help," and a request for court-appointed counsel will usually be denied. *Id.* When evaluating a case's complexity, it is important to determine whether the "core facts of the case are in dispute" and whether the "legal claims are straightforward." *Bass*, 170 F.3d at 1320. Even though "litigants undoubtedly would [be] helped by the assistance of a lawyer," if their case is not "unusual" or the circumstances "exceptional" then the district court does not abuse its discretion in denying a party's request for court-appointed counsel. *Id.*

Plaintiff seeks the assistance of counsel in this Title VII action in order to "level the playing field between [her] and the defending attorneys." (Pl.'s Mot. App't Counsel, doc. 3, at 1.) Generally, there is no right to a court-appointed attorney in a Title VII case, and the decision to grant such a request is within the sound discretion of the district court. *See* 42 U.S.C.A. §2000e-(5)(f)(1) (West 2003). When presented with a motion for court-appointed counsel in a Title VII case, "a district court may consider, inter alia, the merits of the complainant's claims of discrimination and the efforts taken by the complainant to obtain counsel." *Hunter v. Dep't Air*

*Force Agency*, 846 F.2d 1314, 1317 (11th Cir. 1988). "The district court also may consider the ability of the complainant to understand the relevant substantive and procedural issues." *Id.*

In this case, there is no evidence to suggest that Plaintiff has attempted to retain counsel. Furthermore, Plaintiff's allegations of discrimination are questionable at best. Plaintiff claims that Defendant's subordinates discriminated against her on the basis of her age, sex, and disability. (Compl., doc. 1, at 2.) In particular, Plaintiff alleges that the written reprimand she received for visiting a "supposedly unauthorized website . . . constituted disparate treatment from other employees," and "evidenced" a "hostile [work] environment." (Id.) Accepting the facts alleged in Plaintiff's Complaint as true, the Court finds it unlikely that Plaintiff will succeed on her Title VII claim.

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 43 U.S.C.A. § 20003-2(a). Because Plaintiff relies on circumstantial evidence to establish her Title VII claims, the Court will test the merit of those claims by applying the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248 (1981). Under the *McDonnell Douglas* framework, a plaintiff must first create an inference of discriminatory intent by establishing a prima facie case of discrimination. *See McDonnell Douglas*, 411 U.S. at 802. A plaintiff's successful assertion of a prima facie case "creates a

rebuttable presumption that the employer unlawfully discriminated against her." *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002).

To establish a prima facie case of discrimination and retaliation, a plaintiff must offer, among other things, proof that she suffered an adverse employment action. *Id.* at 1286 (prima facie case of discrimination requires proof of adverse employment action); *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998) (requiring same for prima facie case of retaliation). It is well established that "not all conduct by an employer negatively affecting an employee constitutes adverse employment action." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1238 (11th Cir. 2001) (discrimination); *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000) (retaliation). Indeed, "[a]lthough [Title VII] does not require proof of direct economic impact in all cases, the asserted impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment." *Davis*, 245 F.3d at 1239. Thus, an employee is required to show a "serious and material change in the terms, conditions, or privileges of employment." *Id.*; *see also Gupta*, 212 F.3d at 587. "[T]he employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." *Davis*, 245 F.3d at 1239.

Based on the allegations in Plaintiff's Complaint, the Court seriously doubts that Plaintiff will be able to establish a prima facie case of discrimination or retaliation because there is no indication at this time that she suffered an adverse employment action. The written reprimand

she received for visiting "a supposedly unauthorized website" did not, as far as the Court can tell, result in any *material* change to the terms or conditions of Plaintiff's employment. As the Eleventh Circuit observed in *Davis*, "criticisms of an employee's job performance–written or oral–that do not lead to tangible job consequences will rarely form a permissible predicate for a Title VII suit." *Id.* at 1241.

The Court also seriously doubts that Plaintiff will be able to establish a prima facie case of a hostile work environment because to do so, Plaintiff must demonstrate, at minimum, that "the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment." ***Miller v. Kenworth of Dothan, Inc.***, 277 F.3d 1269, 1275 (11th Cir. 2002). Plaintiff's Complaint does not, in any respect, indicate that the alleged harassment (i.e. the written reprimand she received) was sufficiently severe to alter the terms and conditions of her employment. Because it appears from the face of Plaintiff's Complaint that she will be unable to prove a prima facie case of discrimination, retaliation, or a hostile work environment, the Court concludes that Plaintiff has not, at this point, presented a meritorious claim.

Finally, the Court considers whether Plaintiff is able to understand the relevant substantive and procedural issues involved in this action. As outlined above, the facts and legal claims alleged in Plaintiff's Complaint are relatively straightforward. Although Plaintiff claims that she needs an attorney's expertise because her "thought processes are sometimes disorganized," Plaintiff

understands the relevant substantive and procedural issues involved in this case; thus, she is able to represent herself. (Pl.'s Mot. App't Counsel, doc. 3, at 1.)

Accordingly, having found no reason to justify the appointment of counsel in Plaintiff's case, Plaintiff's Motion for Appointment of Counsel (doc. 3) is hereby **DENIED**.

SO ORDERED, this 16th day of November, 2006.

**/s/ Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/jab